# EXHIBIT 1

COPY

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SUNNOVA ENERGY CORPORATION, a Delaware corporation; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL DAVIS, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

APR 14 2023

BY: Michelle Gomez-Casillas, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Bernardino County Superior Court
San Bernardino Justice Center, 247 West 3rd St, San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso)*
CIV SB 2303380

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

DATE:
*(Fecha)*    APR 1 4 2023    Clerk, by **Michelle Gomez-Casillas**, Deputy
                             *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*    SUNNOVA ENERGY CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

MICHAEL DAVIS

Case No. CIV SB 2303380

vs.

**CERTIFICATE OF ASSIGNMENT**

SUNNOVA ENERGY CORPORATION et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☒ General          ☐ Collection
**Nature of Action**          **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | The plaintiff worked within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Michael Davis - Plaintiff                    15450 Nesquale Rd #f104
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                    ADDRESS

VICTORVILLE,                    CA                    92395
CITY                    STATE                    ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 1/5/2023 at San Diego, CA California.

/s/ James M. Treglio

Signature of Attorney/Party

Form # 13-16503-360          CERTIFICATE OF ASSIGNMENT          Rev. June 2019
Mandatory Use

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)*: | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>Potter Handy, LLP<br>100 Pine St., Ste 1250, San Francisco, CA 94111<br><br>TELEPHONE NO. (858) 375-7385    FAX NO. *(Optional)*: 888-422-5191<br>ATTORNEY FOR *(Name)*: Plaintiff, Michael Davis | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>JAN 25 2023<br><br>BY: Michelle Gomez-Casillas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West 3rd St,
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino Justice Center,

CASE NAME: Davis v. Sunnova Energy Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2303380 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 3 - Violations of FCRA (§1681b(b)(2)&(3); and ICRAA
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 24, 2023

James M. Treglio
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><strong>FOR COURT USE ONLY</strong><br><em>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  SUNNOVA ENERGY CORPORATION, a Delaware corporation;
  and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  MICHAEL DAVIS, individually and on behalf of all
  others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Bernardino County Superior Court

**CASE NUMBER:**
*(Número del Caso):*

San Bernardino Justice Center, 247 West 3rd St, San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio; Potter Handy, LLP; 100 Pine St., Ste 1250, San Francisco, CA 94111; (858) 375-7385

DATE: _____   Clerk, by _____ , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   SUNNOVA ENERGY CORPORATION

under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

COPY

POTTER HANDY LLP
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JAN 25 2023

BY: Michelle Gomez-Casillas, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MICHAEL DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNNOVA ENERGY CORPORATION, a Delaware corporation; and DOES 1 to 100, inclusive<br><br>Defendants. | CASE NO: CIV SB 2303380<br><br>CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681b(b)(2);<br>(2) VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681b(b)(3);<br>(3) VIOLATIONS OF CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CAL. CIVIL CODE §1786, ET. SEQ.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Michael Davis ("Plaintiff"), on behalf of himself, the State of California, and all others similarly situated (hereinafter "Class Members") complains and alleges as follows:

### OVERVIEW OF CLAIMS

1. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action complaint against Defendants SUNNOVA ENERGY CORPORATION ("Sunnova" and/or "Defendant"), and DOES 1 to 100 (collectively "Defendants") for requiring Plaintiff and his fellow applicants to undergo background checks in violation of the (1) Fair Credit Reporting Act ("FCRA"); and (2) the Investigative Consumer Reporting Agencies Act ("ICRAA"). As a result of the foregoing, Defendants have violated California statutory laws as described below.

2.      The "Class Period" is designated as the period from four years prior to the filing of this Complaint trough the trial date. Defendants' violations of the FCRA and ICRAA, as described more fully below, have been ongoing throughout the Class Period.

## VENUE

3.      Venue is proper in this county under section 395.5 of the California Code of Civil Procedure.   Many, if not all, of the putative Class Members applied with, were employed by, and/or performed work for Defendants in San Bernardino County during the Class Period. Many of the acts alleged herein including Defendants' background checks done in violation of the law occurred in San Bernardino County.  Venue is therefore proper in San Bernardino County.

## JURISDICTION

4.      Defendant SUNNOVA ENERGY CORPORATION is within the jurisdiction of this Court.  It transacts millions of dollars as a leading national residential solar company. It does business in the State of California. Thus, Defendants have obtained the benefits of the laws of the State of California.

## THE PARTIES

**A.      The Plaintiff**

5.      Plaintiff is a California resident and in or about October 2022, he applied for a job as an electrician with Defendants.   At all relevant times, Plaintiff was subjected to background checks that violated the law.

6.      Plaintiff is a member of, and seeks to represent the following class: "All natural persons with an address in the United States and its Territories beginning two years prior to the filing of this Complaint and continuing through the resolution of this action (1) who applied for employment with Sunnova Energy Corporation, or their predecessor or merged entities, as hourly employees, (2) who are or were required to undergo a background check with Sunnova Energy Corporation as part of their application process during the Class Period, and were denied employment without being provided with an adverse action letter and a summary of rights under the FCRA." ("The Applicant Class" or the "Class" or "Class Members).

## B.      The Defendants

7.      Defendant Sunnova Energy Corporation is a Delaware corporation headquartered in Houston, Texas. It is a leading national residential solar company. It collects information, compiles consumer reports, and conducts background checks on applicants like Plaintiff and the Class Members.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

10.      California courts have recognized that the definition of "employer" for purposes of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work or exercises control over the wages, hours, or working conditions of any person, may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558 and 558.1.

11.      California law also permits and recognizes the piercing of a corporate veil between sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th

PLAINTIFF'S CLASS ACTION COMPLAINT

3

107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule applies where "there are two or more personalities, there is but one enterprise; and that this enterprise has been so handled that it should respond, as a whole, for the debts of certain component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

## FACTUAL ALLEGATIONS

12. Plaintiff and the Class are and were employed by and/or applicants of Sunnova Energy Corporation, a Delaware corporation headquartered in Houston, Texas. It is a leading national residential solar company.

13. In or about October 2022, Plaintiff was hired by Defendants as an electrician.

14. In or about October 2022, Defendants made an offer to Plaintiff. After which, Defendants made Plaintiff sign an authorization to conduct a background check.

15. Plaintiff, on at least three instances, confirmed with Defendants if he passed the background check and on all those times, Defendants assured Plaintiff that he did pass and he could continue working for Defendants.

16. Subsequently, after about a week of working, Defendants terminated Plaintiff.

17. Prior to his termination, Defendants did not provide Plaintiff with an adverse action letter.

18. Rather than provide Plaintiff with an opportunity to respond to items contained within the consumer report, Defendants immediately chose not to proceed with Plaintiff's application and/or employment. Prior to his termination, Plaintiff was not provided with a summary of his rights under the Fair Credit Reporting Act ("FCRA").

19. Plaintiff is informed and believes that the methods by which Plaintiff was informed of the recission of his application and/or employment, specifically not providing an adverse action letter and a summary of rights under the FCRA, is common to all members of the Applicant Class.

20. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

21.    All background checks are defined as consumer reports under the FCRA. Specifically, the FCRA defines a consumer report as:

> In general.—The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. 1681a(d)(1).

22.    As stated above, Plaintiff was subjected by Defendants to a background check in relation to Defendants' offer of employment. However, Defendants violated the FCRA by not providing Plaintiff with the disclosures to perform consumer reports. Defendants also failed to provide Plaintiff with adequate time to review the background check for its accuracy.

23.    The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2) provides:

> (b)Conditions for furnishing and using consumer reports for employment purposes
> (2)Disclosure to consumer
> (A)In general
> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> (i)a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
> (ii)the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

24.    Indeed, Courts have held that providing FCRA disclosure forms as part of employment applications violates the *FCRA. E.E.O.C. v. Video Only, Inc.*, 2008 WL 2433841 at *11 (D. Or. June 11, 2008) (granting summary judgment against the defendant employer who made a disclosure as a part of the job application, which is not a document consisting solely of the disclosure); *Rubio-Delgado v. Aerotek, Inc.*, 2015 WL 3623627, at *1 (N.D. Cal. June 10, 2015)

("Employers also violate the FCRA if they provide the required disclosure in a document that does not consist solely of the disclosure, such as when the disclosure is integrated as part of a job application.").

25.    Indeed, the inclusion of any extraneous information, including information related to the disclosure, violates the *FCRA. In Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), the 9th Circuit held that the employer violated this provision when it included a liability waiver in the disclosure. See *Moody v. Ascenda USA*, 2016 WL 4702681 (S.D. Fla. July 1, 2016) (holding that inclusion of a waiver in an authorization and disclosure form violates 15 U.S.C. 15 U.S.C. § 1681b(b)(2)(A)) ("the Court will align itself with the district courts that have held that inclusion of a waiver within the disclosure document is sufficient to state a violation of § 1681b(b)(2)(A)(i)."); See *Milbourne v. JRK Residential Am., LLC*, 92 F. Supp. 3d 425, 433 (E.D. Va. 2015) (holding that the inclusion of a waiver within a document containing the disclosure would violate 15 U.S.C. §1681b(b)(2)(A)) ("[A]lthough the policy goal of the FCRA may have been to secure clear disclosures to consumers, it does so in part by including language that requires the disclosure to be in its own separate document."); *Reardon v. Closetmaid Corp.*, 2013 WL 6231606 at *10-11 (W.D. Pa. Dec. 2, 2013) (holding that a disclosure with a liability waiver was contrary to the statute).

26.    If the mere inclusion of the authorization and disclosure forms as part of employment applications and the inclusion of any extraneous information therein constitute violations of the FCRA, then all the more that Defendants' acts of running a background check on Plaintiff without giving him any opportunity to review the consumer report for its accuracy violate the FCRA.

27.    The FCRA limits the use of the report to make adverse actions against the employee, stating that an employer cannot take adverse action against the employee unless the employer does the following:

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
> (i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)(1) of this title.

15 U.S.C. §1681b(b)(3)(A)(i) and (ii).

28.    Prior to its decision to terminate and rescind Plaintiff's application and/or employment, Defendants did not provide Plaintiff or the Applicant Class with an adverse action letter and did not provide them with a summary of their rights under the FCRA.

29.    In addition to the FCRA, the ICRAA, Cal. Civil Code §1786, et. seq., provides protections to employees who undergo a background check (called an investigative consumer report by the statute), for employment purposes. Like the FCRA, the ICRAA requires that an employer who undertakes an adverse action against the employee based on items contained in the background check provide the employee with a copy of the background check, along with a summary of rights under the ICRAA. Cal. Civil Code §1786.40. The report and the summary of rights must be provided before any adverse action can be undertaken.

30.    Further, the ICRAA Cal. Civil Code § 1786.18(a)(7) provides that: "(a) Except as authorized under subdivision (b), an investigative consumer reporting agency may not make or furnish any investigative consumer report containing any of the following items of information: ... (7) Records of arrest, indictment, information, misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years. ..."

31.    As stated above, Defendants did not provide Plaintiff with an adverse action letter and a summary of his rights under the ICRAA prior to Defendants undertaking an adverse action against him. Nor did Defendants provide Plaintiff with the consumer reporting agencies' proper phone number and address, or inform him of the office hours upon which he could inspect the investigative consumer report at their offices. Thus, Defendants violated the ICRAA.

32.    At all relevant times, Defendants were aware and have knowledge of the requirements of the FCRA and the ICRAA.

33.    Indeed, even if Defendants were not initially aware of the requirements of the FCRA

and ICRAA, Defendants, in obtaining consumer reports, investigative consumer reports, and consumer credit reports on Plaintiff and the Class Members, utilized consumer reporting agencies which are prohibited from providing such reports to Defendants without first obtaining a certification that Defendants would comply with the FCRA and ICRAA. 15 U.S.C. §1681b(b)(2); Civil Code §1786.12(e).

34.    As such, Plaintiff and the Class Members were unlawfully required to undergo investigative consumer reports as a consequence of their employment, in direct violation of Civil Code §1786.16, and 15 U.S.C. §1681b(b)(2) and (3).

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.

36.    Plaintiff is a member of, and seeks to represent the following class: "All natural persons with an address in the United States and its Territories beginning two years prior to the filing of this Complaint and continuing through the resolution of this action (1) who applied for employment with Sunnova Energy Corporation, or their predecessor or merged entities, as hourly employees, (2) who are or were required to undergo a background check with Sunnova Energy Corporation as part of their application process during the Class Period, and were denied employment without being provided with an adverse action letter and a summary of rights under the FCRA."

37.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a.    Numerosity:    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members. The

Class Members are dispersed throughout the United States. Joinder of all members of the proposed classes is therefore not practicable.

b. Commonality: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i. Whether Defendants required Plaintiff and the Applicant Class Members to undergo consumer reports as defined by the FCRA;

ii. Whether Defendants rescinded the application and/or employment of Plaintiff and the Applicant Class Members based on items contained within those consumer reports;

iii. Whether Defendants provided Plaintiff and members of the Applicant Class with notifications that contained the consumer reports they relied upon in making adverse employment decisions, such as rescission of an application and/or employment offer, as required by 15. U.S.C. 1681b(b)(3);

iv. Whether Defendants provided Plaintiff and members of the Applicant Class with notifications of adverse employment action prior to making the adverse employment action that contained the summary of rights under the FCRA as required by 15 U.S.C. 1681b(b)(3);

v. The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

vi. The nature and extent of class-wide damages.

c. Typicality: Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unlawful background checks.

d. Adequacy of Representation: Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes and Class Members.

Plaintiff's interests do not conflict with those of Classes and Class Members. Counsels who represent Plaintiff are competent and experienced in litigating large wage and hour class actions, and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

e. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful background check policies and will thereby effectuate California's strong public policy of protecting employees. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover damages for the unlawful background checks conducted by Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**FIRST CAUSE OF ACTION**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
**(Violation of 15 U.S.C. §§ 1681b(b)(2)**
**(On Behalf of Plaintiff and the Applicant Class against all Defendants)**

38. Plaintiff alleges and incorporates by this reference the allegations in all preceding paragraphs.

39. Defendant Sunnova can be defined as a "person" under 15 U.S.C § 1681a(b) of the FCRA. It obtained and used consumer reports of its employees and job applicants for employment purposes. Plaintiff and the Class "consumers" as defined by 15 U.S.C § 1681a(c) because they are

individuals. At all relevant times, Plaintiff and the Class Members applied for employment with Defendants.

40.     As stated above, Plaintiff was subjected by Defendants to a background check in relation to Defendants' offer of employment. However, Defendants violated the FCRA by not providing Plaintiff with the disclosures to perform consumer reports. Defendants also failed to provide Plaintiff with adequate time to review the background check for its accuracy.

41.     The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2) provides:

> (b)Conditions for furnishing and using consumer reports for employment purposes
> (2)Disclosure to consumer
> (A)In general
> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> (i)a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
> (ii)the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

42.     Indeed, Courts have held that providing FCRA disclosure forms as part of employment applications violates the *FCRA. E.E.O.C. v. Video Only, Inc.*, 2008 WL 2433841 at *11 (D. Or. June 11, 2008) (granting summary judgment against the defendant employer who made a disclosure as a part of the job application, which is not a document consisting solely of the disclosure); *Rubio-Delgado v. Aerotek, Inc.*, 2015 WL 3623627, at *1 (N.D. Cal. June 10, 2015) ("Employers also violate the FCRA if they provide the required disclosure in a document that does not consist solely of the disclosure, such as when the disclosure is integrated as part of a job application.").

43.     Indeed, the inclusion of any extraneous information, including information related to the disclosure, violates the *FCRA. In Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), the 9th Circuit held that the employer violated this provision when it included a liability waiver in the disclosure. See *Moody v. Ascenda USA*, 2016 WL 4702681 (S.D. Fla. July 1, 2016) (holding that inclusion of a waiver in an authorization and disclosure form violates 15 U.S.C. 15 U.S.C. §

1681b(b)(2)(A)) ("the Court will align itself with the district courts that have held that inclusion of a waiver within the disclosure document is sufficient to state a violation of § 1681b(b)(2)(A)(i)."); See *Milbourne v. JRK Residential Am., LLC*, 92 F. Supp. 3d 425, 433 (E.D. Va. 2015) (holding that the inclusion of a waiver within a document containing the disclosure would violate 15 U.S.C. §1681b(b)(2)(A)) ("[A]lthough the policy goal of the FCRA may have been to secure clear disclosures to consumers, it does so in part by including language that requires the disclosure to be in its own separate document."); *Reardon v. Closetmaid Corp.*, 2013 WL 6231606 at *10-11 (W.D. Pa. Dec. 2, 2013) (holding that a disclosure with a liability waiver was contrary to the statute).

44.    If the mere inclusion of the authorization and disclosure forms as part of employment applications and the inclusion of any extraneous information therein constitute violations of the FCRA, then all the more that Defendants' acts of running a background check on Plaintiff without giving him any opportunity to review the consumer report for its accuracy violate the FCRA.

45.    As a result of such conduct, Plaintiff and the Applicant Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

46.    As a result of such conduct, Plaintiff and the Applicant Class are further entitled to recover their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CAUSE OF ACTION**
**FOR VIOLATION OF THE FEDERAL CREDIT REPORTING ACT**
**(Violation of 15 U.S.C. §§ 1681b(b)(3)**
**(On Behalf of Plaintiff and the Applicant Class against all Defendants)**

47.    Plaintiff alleges and incorporates by this reference the allegations in all preceding paragraphs.

48.    Defendant Sunnova can be defined as a "person" under 15 U.S.C § 1681a(b) of the FCRA. It obtained and used consumer reports of its employees and job applicants for employment purposes. Plaintiff and the Class "consumers" as defined by 15 U.S.C § 1681a(c) because they are

individuals. At all relevant times, Plaintiff and the Class Members applied for employment with Defendants.

49.    The FCRA limits the use of the report to make adverse actions against the employee, stating that an employer cannot take adverse action against the employee unless the employer does the following:

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
> (i) a copy of the report; and
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)(1) of this title.

15 U.S.C. §1681b(b)(3)(A)(i) and (ii).

50.    The FCRA also provides that:

> (B)Application by mail, telephone, computer, or other similar means
> (i)If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, and if a person who has procured a consumer report on the consumer for employment purposes takes adverse action on the employment application based in whole or in part on the report, then the person must provide to the consumer to whom the report relates, in lieu of the notices required under subparagraph (A) of this section and under section 1681m(a) of this title, within 3 business days of taking such action, an oral, written or electronic notification—
> > (I)that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;
> > (II)of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis);
> > (III)that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and
> > (IV)that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.
> (ii)If, under clause (B)(i)(IV), the consumer requests a copy of a consumer report from the person who procured the report, then, within 3 business days of receiving the consumer's request, together with proper identification, the person must send or provide to the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

15 U.S.C. §1681b(b)(3)(B)(i) and (ii).

51.    Prior to its decision to terminate and rescind Plaintiff's and the Applicant Class Member's application and/or employment, Defendants did not provide Plaintiff or the Applicant Class Members with an adverse action letter and did not provide them with a summary of their rights under the FCRA. Defendants did not provide Plaintiff and the Applicant Class with the notifications and reports required under the FCRA.

52.    As a result of such conduct, Plaintiff and the Applicant Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

53.    As a result of such conduct, Plaintiff and the Class are further entitled to recover their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## THIRD CAUSE OF ACTION
### FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT
**(Violation of California Civil Code 1786, et seq.)**
**(On Behalf of Plaintiff against all Defendants)**

54.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

55.    At all relevant times, Plaintiff was a consumer as that term is defined in Civil Code § 1786.2(b), and Defendants and Does 1 to 100 are defined as persons as that term is defined in Civil Code § 1786.2(a) and procured or cause to be prepared an investigative consumer report as that term is defined in Civil Code § 1786.2(c) on Plaintiff for employment purposes under Civil Code § 1786.12(d)(1) without meeting the following applicable conditions required by Civil Code § 1786.16(a)(2).

56.    Like the FCRA, the ICRAA also requires that an employer who undertakes an adverse action against the employee based on items contained in the background check provide the employee with a copy of the background check, along with a summary of rights under the ICRAA. Cal. Civil Code §1786.40. The report and the summary of rights must be provided before any

adverse action can be undertaken.

57. Further, the ICRAA Cal. Civil Code § 1786.18(a)(7) provides that: "(a) Except as authorized under subdivision (b), an investigative consumer reporting agency may not make or furnish any investigative consumer report containing any of the following items of information: ... (7) Records of arrest, indictment, information, misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years. ..."

58. As stated above, Defendants did not provide Plaintiff with an adverse action letter and a summary of his rights under the ICRAA prior to Defendants undertaking an adverse action against him.

59. Defendants were either grossly negligent in violating, or willfully violated, the ICRAA by acting without a good faith, reasonable belief in the legality of their actions, and/or in deliberate or reckless disregard of their legal obligations and the rights of Plaintiff under the statute.

60. Plaintiff has been damaged by these violations and seek the following relief pursuant to pursuant to Civil Code § 1786.50:

    a. Any actual damages sustained by the consumer as a result of the failure or, ten thousand dollars ($10,000), whichever sum is greater;

    b. the costs of the action together with reasonable attorney's fees as determined by the court; and

    c. In the case of a violation that was grossly negligent or willful, punitive damages.

## JURY DEMAND

61. Plaintiff hereby demands trial by jury of his and the Class's claims against Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendants as follows:

1.      An Order than this action may proceed and be maintained as a class action;

2.      On the First Cause of Action:

a.      A declaratory judgment that Defendants willfully violated the FCRA, 15 U.S.C. § 1681b(b)(2);

b.      An award of statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

c.      An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.      An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

3.      On the Second Cause of Action:

a.      A declaratory judgment that Defendants willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3);

b.      An award of statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

c.      An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.      An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

4.      On the Third Cause of Action:

a.      A declaratory judgment that Defendants willfully violated the ICRAA, Civil Code §1786, et seq.;

b.      All compensatory, statutory, and punitive damages allowed pursuant to Civil Code § 1786.50;

c.      An award of costs and reasonable attorney's fees pursuant to Civil Code § 1786.50.

5.      All other relief as this Court deems proper.

Dated: January 24, 2023

Respectfully,

POTTER HANDY LLP.

*James M. Treglio*

By:   James M. Treglio
      Counsel for Plaintiff and the Putative Class

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

MICHAEL DAVIS

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

SUNNOVA ENERGY CORPORATION et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General                ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | The plaintiff worked within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Michael Davis - Plaintiff _____ 15450 Nesquale Rd #f104
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

VICTORVILLE, _____ CA _____ 92395
CITY                                    STATE         ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 1/5/2023 _____ at San Diego, CA _____. California.

/s/ James M. Treglio
_____
Signature of Attorney/Party



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Complex-class Action Davis-v- Sunnova Energy Corp., Et Al | |
| --- | --- |
| IMPORTANT CORRESPONDENCE | Case Number |
| | CIVSB2303380 |

Potter Handy Llp
100 Pine Street Suite 1250
San Francisco CA  94111

From the above entitled court, enclosed you will find:

INITIAL CASE MANAGEMENT CONFERENCE ORDER & GUIDELINES

--------------------------------------------------------------------------------

## CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:

☒   Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐   Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐   A copy of this notice was given to the filing party at the counter.

☐   A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing:  4/20/2023

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 4/20/2023 at San Bernardino.

By:  Cuauhtemoc Nunez

Superior Court of California
County of San Bernardino
247 W. Third Street, Dept. S-26
San Bernardino, CA 92415-0210

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 9 2023

BY _____
CUAUHTEMOC NUNEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

MICHAEL DAVIS, individually and on behalf of all others similarly situated,

vs.

SUNNOVA ENERGY CORPORATION, a Delaware corporation; and DOES 1 to 100, inclusive

Case No.: CIVSB2303380

**INITIAL CASE MANAGEMENT CONFERENCE ORDER**

This case is assigned for all purposes to Judge Joseph T. Ortiz in the Complex Litigation Program, Department S-17, located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, California, 92415-0210. Telephone numbers for Department S-17 are (909) 708-8715 (Judicial Assistant) and (909) 708-8716 (Court Attendant).

-1-

Revised 9/15/22

## SERVICE OF THIS ORDER

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant or, if counsel is not known, on each defendant within five days of the date of this Order. If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the summons and complaint along with this Order within ten days of the date of this Order. Failure to serve this order may result in the imposition of monetary sanctions.

## THE INITIAL CASE MANAGEMENT CONFERENCE

An initial Case Management Conference (CMC) is scheduled for _JUN 2 8 2023_ at 8:30 a.m. Counsel may attend the initial CMC either in person or remotely, via CourtCall. Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule your appearance. Audio or video appearances are available. CourtCall may be used for all CMCs, motions, and other hearings. In person attendance is not required at the initial CMC or at subsequent conferences or motions unless specifically ordered by the court.

Counsel for all parties are ordered to attend the initial CMC. If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances. Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-17 (not in the clerk's office), no later than five court days before the scheduled hearing.

## RESPONSIVE PLEADINGS

Unless otherwise agreed by the parties, responsive pleadings are due as provided by statute. There is no stay on the pleadings or motions pending the initial

-2-

Revised 9/15/22

CMC. If, however, counsel agree to stay formal proceedings to facilitate settlement discussions or for other reasons, each defendant is directed to file either a Notice of General Appearance or a Notice of Special Appearance (if counsel intends to challenge personal jurisdiction). The notices are for purposes of identification of counsel and preparation of a service list. The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint. The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.

## DISCOVERY

Unless all counsel agree otherwise, discovery is stayed pending the initial CMC. If the parties agree to conduct discovery in advance of the initial CMC, commencement of discovery is governed by statute.

## AGENDA FOR THE INITIAL CASE MANAGEMENT CONFERENCE

Counsel for all parties are ordered to meet and confer in person no *later* than fourteen days before the initial CMC to discuss the subjects listed below. Counsel must be fully prepared to discuss these subjects with the court:

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

-3-

Revised 9/15/22

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

## THE JOINT REPORT

Counsel are ordered to meet and confer, in person or by telephone or video conference, and to prepare a joint report for the initial CMC, to be filed in advance of the conference date. Separate reports from each party are not allowed. Judicial council form CMC statements are not allowed.

The joint report must be filed in the regular course in the Clerk's office in advance of the hearing, but to assure that the report is timely received in the department, a courtesy copy of the report should be emailed to jointcmcreports@sb-court.org. NOTE: (Please indicate for Judge Ortiz in subject line). This is a dedicated email address only for courtesy copies of joint reports. It is not a substitute for filing documents, and any unauthorized documents sent to the dedicated email address will be discarded without review. All counsel must be cc'd on the email to avoid *ex parte* communications.

-4-

Revised 9/15/22

The joint report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

Revised 9/15/22

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time needed to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically stored information (ESI), the plan should include:

    a. Identification of the Information Management Systems used by the parties;

    b. The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

    c. The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

    d. The format in which ESI will be produced;

    e. Appropriate search criteria for focused requests.

    f. A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

    a. The next CMC (absent special circumstances, the court typically schedules the next CMC approximately six to eight months out);

    b. A schedule for any contemplated ADR;

-6-

Revised 9/15/22

    c. A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

    d. With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case.

Any stipulations to continue conferences or other hearings throughout this litigation must be filed with the court <u>directly in Department S-17 (not in the Clerk's office)</u>, no later than five court days before the conference or hearing date. Stipulations filed only in the Clerk's office or submitted late to the Department likely cannot be accommodated.

## <u>JOINT REPORTS FOR SUBSEQUENT CONFERENCES</u>

Counsel must submit a joint report for each conference after the initial CMC. The report should address how the case has moved forward since the last conference, what needs to be accomplished in the future, and how the court can assist the parties move the case towards resolution. As with the initial report, subsequent joint reports must be filed in the regular course in the Clerk's office in advance of the hearing, but to assure that the reports are timely received in the department, courtesy copies should be emailed to jointcmcreports@sb-court.org. This is a dedicated email address only for courtesy copies of joint reports. It is not a substitute for filing documents, and any

-7-

Revised 9/15/22

unauthorized documents sent to the dedicated email address will be discarded without review. All counsel must be cc'd on the email to avoid *ex parte* communications.

## INFORMAL DISCOVERY CONFERENCES

Motions concerning discovery cannot be filed without first requesting an informal discovery conference (IDC) with the court. Making a request for an IDC automatically stays the deadline for filing any such motion. IDCs are conducted by remote video conference, using Zoom. If counsel's computer (or other device) does not have camera capability, an audio-only option is available. Video appearance at the IDC, however, is encouraged. In-person attendance at the IDC is permissible only if all counsel are appearing in person. The Court will provide a link to join the remote conference at the appointed time. Please provide Department S-17's Judicial Assistant ((909) 708-8715) or Court Attendant ((909) 708-8716) with an e-mail address. No briefing is allowed for the IDC, but counsel (either jointly or separately) should lodge (not file) a one page statement of the issues in dispute in Department S-17 no later than the day before the IDC. All IDCs are off the record.

If all counsel agree, remote conferences are not limited to discovery issues; counsel may address other matters with the court, with the understanding that the conferences are off the record and that the court will make no orders absent agreement among the parties.

Dated: __04 / 19__, 2023.

_____
JOSEPH T. ORTIZ
Joseph T. Ortiz,
Judge of the Superior Court

-8-

Revised 9/15/22

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

The Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino, is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210.

These guidelines govern only cases designated (including provisional designated) as complex under California Rules of Court, Civil Rules, rules 3.400 - 3.403.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.

**Updated October 20, 2022**

## C. Other Cases Assigned to the Complex Litigation Department

Whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving the Labor Code Private Attorney General Act of 2004 (PAGA) Claims.[1]
- Judicial Council Coordinated Proceedings (JCCP) if assigned by the Chair of the Judicial Council to a judge sitting in the Complex Litigation Department.

## REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

A judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference, generally within thirty days, and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department not to be complex, it will be returned to the referring judge.

## RESPONSIVE PLEADINGS AND MOTIONS

Unless otherwise agreed by the parties, responsive pleadings are due as provided by statute. <u>There is no stay on the pleadings or motions pending the initial CMC</u>. If, however, counsel agree to stay formal proceedings to facilitate settlement discussions or for other reasons, each defendant is directed to file either a Notice of General Appearance or a Notice of Special Appearance (if counsel intends to challenge personal jurisdiction). The notices are for purposes of identification of counsel and preparation of a service list. The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint. The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction.

For cases referred by other departments in which defendant has already made a general or special appearance, no further Notice of General Appearance or Notice of Special Appearance is required.

---

[1] The Civil Case cover Sheet (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment to the Complex Litigation Department by the assigned Judge.

**Updated October 20, 2022**

complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

## REMOTE APPEARANCES AT CASE MANAGEMENT CONFERENCES

Counsel may attend the initial CMC either in person or remotely, via CourtCall. Contact CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule an appearance. Audio or video appearances are available. CourtCall may be used for all CMCs, motions, and other hearings. In-person attendance is not required at the initial CMC or at subsequent conferences or motions unless specifically ordered by the court.

## CASE MANAGEMENT ORDERS

The court may issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order, usually pursuant to stipulation of the parties. Other cases involving numerous parties or unusual logistical complexity may be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

## ADDITIONAL CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule additional case management conferences as necessary and appropriate on a case-by-case basis. Typically, the case management conferences are scheduled at six month intervals, though the specific circumstances of the case will determine the frequency of conferences.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if such counsel is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed.

**Updated October 20, 2022**

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties in cases involving numerous parties or large quantities of documents are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence . Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences (IDCs) at the request of counsel. IDCs are off-the-record.  Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege, and other discovery issues that may arise. Counsel may contact the assigned department to schedule an IDC.  Non-discovery issues can also be addressed informally if all counsel agree.

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute.  If the "meet and confer" exchange fails to resolve all issues, the moving party is **required** to request an informal conference with the court before filing any discovery-related motion.  Making a request for an informal discovery conference automatically stays the deadline for filing a motion.

IDCs are conducted by remote video conference, using Zoom.   If counsel's computer (or other device) does not have camera capability, an audio-only option is available.  Video appearance at the IDC, however, is encouraged.  The Court will provide a link to join the conference at the appointed time.  Please provide the Judicial Assistant for the assigned judge with email addresses. No briefing is required for the IDC, but counsel (either jointly or separately) should lodge (not file) a one page statement of the issues in dispute in the assigned department no later than the day before the IDC.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2 .550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will usually schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.

**Updated October 20, 2022**